IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

JAIRO FERNANDO CARDONA LOPEZ,

Defendant.

CASE NO.: 4:20-cr-129-2

**O R D E R**

Defendant Jairo Fernando Cardona Lopez has filed a Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and/or 3582(c)(2) for the Amendment 821. (Doc. 216.) The Government has moved to dismiss this Motion. (Doc. 221.) For the reasons set forth by the Government and laid out below, the Court **DENIES** Lopez's Motion for Reduction in Sentence, (doc. 216), **GRANTS** the Government's Motion for Extension of Time to Respond, (doc. 219), and **GRANTS** the Government's Motion to Dismiss, (doc. 221).

BACKGROUND

A grand jury in this District indicted Defendant Lopez with attempt to board aircraft registered to the United States to possess with intent to distribute cocaine, (Count I), and with conspiracy to board aircraft registered to the United States to possess with intent to distribute cocaine, (Count II). (Doc. 3). Lopez pleaded guilty to a lesser included offense of Count II. At sentencing, the Court determined that his total offense level under the United States Sentencing Guidelines was 41, which included a four-level enhancement under USSG § 3B1.1(a) for being an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. (Doc. 152, p. 1.) His recommended Guidelines sentence was the statutory maximum,

240 month's imprisonment. (Id.) The Court sentenced Lopez to 175 months on January 3, 2024, (doc. 153), and later reduced his sentence to 87 months imprisonment, (doc. 193).

## DISCUSSION

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010); see also, 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except" under limited enumerated reasons). The First Step Act at 18 U.S.C. § 3582(c)(1)(A), provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). The Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release. However, there are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have exhausted his administrative rights with the BOP. Id. Second, the court must find that "extraordinary and compelling reasons warrant" release. 18 U.S.C. § 3582(c)(1)(A)(i). Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). "The defendant generally bears the burden of establishing that compassionate release is warranted." United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020) (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).

The Court may only grant Lopez compassionate release and reduce his sentence if he presents "extraordinary and compelling reasons" warranting such a reduction and demonstrates that the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be

ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). The Commission identifies six categories of "extraordinary and compelling reasons": (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence. See id. § 1B1.13(b)(1)-(6). In United States v. Bryant, 996 F.3d 1243, 1252—62 (11th Cir. 2021), the United States Court of Appeals for the Eleventh Circuit held that a district court may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with Section 1B1.13's definition of extraordinary and compelling reasons.

Lopez argues that a ground recently added in Section 1B1.13—an unusually long sentence—supports his motion for compassionate release. This provision, effective November 1, 2023, states,

> Unusually Long Sentence—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). In promulgating the amendment, the Commission specified that subsection (b)(6) operates alongside subsection (c), which reads:

> Limitation on Changes in Law—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made

retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c).

The Government contends that the sentencing commission exceeded its authority when promulgating Subsection (6). (Doc. 221, p. 2 n. 2.) Other courts have addressed these same arguments. See, United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *5 (N.D. Ga. Feb. 12, 2024) (concluding that subsection was within the Sentencing Commission's power). The Court need not wade into this issue in this case because, even Subsection (6) is valid, Lopez's individualized circumstances do not satisfy it.

Lopez's arguments regarding the length of his sentence center on his belief that he is entitled to a two-level reduction under U.S.S.G. § 4C1.1. However, as the Government points out, Lopez would not qualify for this reduction because he had an aggravating role as a leader and organizer of a criminal organization, and he received a four-point enhancement for that relevant conduct. (See, 221, pp. 4—5; doc. 126, p. 8.) Moreover, even if the Court accepted Lopez's argument, the sentence he received was within the Guideline range he advocates for. For these reasons, Lopez has not established any disparity, much less a gross disparity, between the sentence he is serving and the sentence the Court would likely impose if it were to sentence him today.

Additionally, the Court can only grant compassionate relief "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). Pursuant to Section 3553(a), federal courts must impose sentences "sufficient, but not greater than necessary" to satisfy the purposes of sentences. 18 U.S.C. § 3553(a). To that end, courts must consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

4

      B. to afford adequate deterrence to criminal conduct;
      C. to protect the public from further crimes of the defendant; and
      D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];
5. any pertinent policy statement ... by the Sentencing Commission;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

Id.

An evaluation of these factors weighs heavily against Lopez's request for compassionate release. The nature and circumstances of Lopez's offenses remain a grave concern to the Court. He committed serious crimes that pose a danger to the community. Indeed, but for the statutory maximum of the lesser included offense of conviction, Lopez would have faced a Guideline range of 324 to 405 months. Releasing Lopez or further reducing his sentence, particularly so recently after his sentence, would not reflect the seriousness of his offense, would not provide just punishment, and would contradict the purposes of deterrence. 18 U.S.C. § 3553(a)(2)(A)-(B). Further, remaining within the custody of the BOP provides Lopez the opportunity to receive "needed educational or vocational training" and "other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Allowing him to be released would also create significant sentencing disparities between Lopez and other defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). In sum, the Court has reviewed all the Section 3553(a) factors and finds that they warrant the denial of Lopez's motion for compassionate release.

## CONCLUSION

For the reasons set forth above, the Court the Court **DENIES** Lopez's Motion for Reduction in Sentence, (doc. 216), **GRANTS** the Government's Motion for Extension of Time to Respond, (doc. 219), and **GRANTS** the Government's Motion to Dismiss, (doc. 221).

**SO ORDERED**, this 30th day of July, 2024.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA